UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BORISLAV CUCKOVIC,

    Petitioner,

    v.                                   CAUSE NO. 3:19-CV-896-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Borislav Cuckovic, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCU-19-5-287) at the Westville Correctional Unit in which a disciplinary hearing officer (DHO) found him guilty of aiding and abetting another inmate in possessing unauthorized items in violation of Indiana Department of Correction Offenses 215 and 240. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

In the petition, Cuckovic argues that he is entitled to habeas relief because the administrative record included denials from himself and another inmate and thus lacked sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal citations and quotations omitted). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (stating that a disciplinary "report alone provides 'some evidence' for the CAB's decision."). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

The administrative record includes a conduct report which states that immediately following the search of an offender's cell where a razor blade and sharpened dental flosser were found, Cuckovic voluntarily approached a correctional officer and admitted to giving another inmate food and coffee, but not a "razor blade or sharpened dental flosser." ECF 11-1. The correctional officer found this statement suspicious because no correctional staff had informed Cuckovic that such items had been found on the other offender. This report suggests that Cuckovic knew about the razorblade and sharpened dental flosser because he had provided them and thus constitute "some evidence" that Cuckovic aided another inmate in obtaining unauthorized items. While the record also contains written denials from Cuckovic and the receiving inmate, the hearing officer was not required to credit these denials. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

2

In his traverse, Cuckovic argues that the conduct report was too vague for him to adequately prepare a defense. He contends that the report does not directly accuse him of delivering the razorblade and sharpened dental flosser. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The conduct report charges Cuckovic with "Unauthorized possession/Aiding and Abetting" and states:

> On May 24, 2019, approximately 8:40 p.m., [Cuckovic] admitted to giving Offender Fox food and coffee. [Cuckovic] stated he did not give Offender Fox a razorblade or sharpened dental flosser. No staff mentioned finding a razorblade or sharpened dental flosser to [Cuckovic].

While the conduct report could have been more direct, it adequately conveys the accusation that Cuckovic delivered a razorblade, sharpened dental flosser, food, and coffee to another inmate. Further, Cuckovic's statements at the screening stage, the hearing, and on administrative appeal demonstrate his understanding of the charge. ECF 11-4; ECF 11-7; ECF 11-8. For example, at screening, Cuckovic requested a statement from the other inmate and he denied ever trafficking a razor blade to him. ECF11-2; ECF 11-4. The other inmate also understood the charge, providing a statement that "[Cuckovic] didn't give me the razor or flosser. He didn't give me the food." ECF 11-5. Therefore, the claim that he did not receive adequate notice of the charges is not a basis for habeas relief.

Because Cuckovic has not asserted a valid claim for habeas relief, the habeas petition is denied. If Cuckovic wants to appeal this decision, he does not need a

certificate of appealability because he is challenging a prison disciplinary proceeding. *Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

    For these reasons, the court:

    (1) DENIES the habeas corpus petition (ECF 1);

    (2) DIRECTS the clerk to enter judgment and close this case; and

    (3) DENIES Borislav Cuckovic leave to proceed in forma pauperis on appeal.

    SO ORDERED on March 25, 2021.

                                       s/ Philip P. Simon
                                       PHILIP P. SIMON, JUDGE
                                       UNITED STATES DISTRICT COURT